# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA    )
                                    )

v.                                )       Criminal Action No. 3:14CR09–HEH
                                    )

JARON ALPHONZ MINNICKS,    )
                                    )

          Petitioner.    )

### MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Jason Alphonz Minnicks, a federal inmate proceeding *pro se*, has moved to vacate his conviction and sentence. As explained by the Memorandum Order entered on December 18, 2018, the matter is proceeding on the claims set forth in the First Amended § 2255 Motion (ECF No. 39), the Second Amended § 2255 Motion (ECF No. 43), and the Third Amended § 2255 Motion (ECF No. 49, 50).[1] In those § 2255 Motions, Minnicks makes the following claims:[2]

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2] Minnicks's claims for relief are often fairly incoherent and somewhat redundant. For example, in multiple claims Minnicks contends that his conviction and sentence under 18 U.S.C. § 924(c) is invalid in light of *Johnson v. United States*, 576 U.S. 591(2015). The Court does not list each invocation of that case as a separate claim. Furthermore, the Court declines to list each of Minnicks's sentence fragments as a separate claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ."). As explained below, Minnicks's claim pursuant to *Johnson v. United States* lacks merit and his remaining claims are barred by the statute of limitations.

| | |
|---|---|
| Claim One | Minnicks's conviction and sentence under 18 U.S.C. § 924(c) is invalid in light of *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 39, at 4.)[3] |
| Claim Two | "Defense counsel working outside of his jurisdiction for U.S. District Court Judge and U.S. Prosecutor . . . ." (*Id.* at 5.) |
| Claim Three | "Federal judge . . . in this case is sitting by designation . . . and does not have jurisdiction to hand down an indictment, conviction, or sentence . . . ." (*Id.* at 6.) |
| Claim Four | "Counsel; prosecutorial misconduct; abuse of discretion by U.S. District Court judge, null statutes – moot court – moot case . . . ." (*Id.* at 8.) |
| Claim Five | Counsel failed to file a direct appeal after Minnicks instructed her to file an appeal. (ECF No. 50, at 4.) |
| Claim Six | Counsel incorrectly informed Minnicks that "he faced a potential sentence of life with a mandatory minimum of 125 years" for the robbery charge. (*Id.* at 13–14.) |

## I. Procedural History

On April 8, 2014, Jaron Alphonz Minnicks pled guilty to Interference with Commerce by Robbery ("Hobbs Act robbery," Count One) and Use, Carry and Brandish a Firearm During and in Relation to a Felony Crime of Violence (Count Two). (ECF No. 15, at 1.) On July 15, 2014, the Court entered judgment and sentenced Minnicks to 204 months of imprisonment on Count One to be followed by a sentence of 120 months on Count Two. (ECF No. 23, at 2.)

---

[3] Minnicks has moved to supplement Claim One with additional arguments. The Motion to Supplement (ECF No. 58) will be GRANTED and the Court will consider the additional arguments.

On February 2, 2016, Minnicks executed and presumably mailed his First § 2255

Motion to this Court. (ECF No. 30, at 4.)  The Court deems the First § 2255 Motion filed

as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  In the First § 2255

Motion, Minnicks initially claimed that his firearm conviction was invalid under *Johnson*

*v. United States*, 576 U.S. 591 (2015). (ECF No. 30, at 1.)  Thereafter, Minnicks made a

number of legal conclusions that are not supported by any facts.  For example, he

asserted that the undersigned Judge is "prejudice[d] and bias" (*id.*); the Court lacked

jurisdiction (*id.*); the United States "withheld" and "destroyed" exculpatory evidence

(*id.*); and, "counsel deceived . . . Minnicks to take a[] plea which did not hold jurisdiction

in the Court (*id.* at 3).

On June 13, 2016, the Court received Minnicks's First Amended § 2255 Motion.

(ECF No. 39.)  On June 16, 2016, the Court received from Minnicks a Motion to

Withdraw his First § 2255 Motion ("Motion to Withdraw," ECF No. 42).

On June 24, 2016, Minnicks filed his Second Amended § 2255 Motion. (ECF

No. 43.)  On September 25, 2017, the Court received Minnicks's Third Amended § 2255

Motion. (ECF No. 49.)

By Memorandum Order entered December 18, 2018, the Court granted Minnick's

Motion to Withdraw his First § 2255 Motion and stated the matter would proceed on the

First Amended § 2255 Motion (ECF No. 39), the Second Amended § 2255 Motion (ECF

No. 43), and the Third Amended § 2255 Motion (ECF No. 49).  The Court directed the

Government to respond to the above motions.  The Government responded, *inter alia*,

that Minnick's claims are barred by the statute of limitations and his *Johnson* claim lacks

merit. For the reasons that follow, Minnicks's claims will be dismissed as barred by the relevant statute of limitations or for lack of merit.

## II. Analysis

### A.    Claim One Lacks Merit

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[4] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

4

Minnick contends that after *Johnson*, Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated.  Although Minnicks was not sentenced pursuant to ACCA, he suggests that the Residual Clause of § 924(c) is materially indistinguishable from the ACCA Residual Clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence.  The baseline additional period of imprisonment is five years.  18 U.S.C. § 924(c)(1)(A)(i).  If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years.  *Id.* § 924(c)(1)(A)(ii).  And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years.  *Id.* § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements.  Namely, the statute defines a crime of violence as any felony:

**(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3).  The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319, 2339 (2019).  However, Minnicks' 924(c) predicate offense, "Hobbs Act robbery constitutes a crime of violence

under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266

(4th Cir. 2019) (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018);

*United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d

847, 849 (7th Cir. 2017); *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016)), *cert.*

*denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *cert. denied sub nom.*

*Stokes v. United States*, 140 S. Ct. 640 (2019).  Accordingly, Claim One lacks merit and

will be dismissed.

    **B.**    **The Remaining Claims Are Barred By The Statute Of Limitations**

    Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a

§ 2255 Motion.  Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**    A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>     **(1)**    the date on which the judgment of conviction becomes final;
>
>     **(2)**    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     **(3)**    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     **(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

1.    **28 U.S.C. § 2255(f)(1)**

Because Minnicks did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction

became final on Tuesday, July 29, 2014, the last date to file an appeal. *See United States*

*v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing

*Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va.

May 2, 2005)).  Hence, Minnicks had until Wednesday, July 29, 2015, to file any motion

under 28 U.S.C. § 2255.  None of Minnicks's multiple § 2255 Motions were filed before

that date.  Accordingly, his claims are untimely unless he demonstrates some basis for a

belated commencement of the limitation period or some equitable basis for avoiding the

limitation period.  As explained below, Minnicks fails to demonstrate any circumstance

that would render his claims timely.

2.    **Belated Commencement for Claim Five**

Minnicks may be entitled to a belated commencement of the limitation period under

28 U.S.C. § 2255(f)(4)[5] for Claim Five, wherein he asserts that counsel failed to file an

appeal after he directed her to do so.  For statute of limitation purposes, Minnicks filed this

claim on September 21, 2017.  (ECF No. 50–11, at 1.)  Thus, in order for this claim to be

timely, Minnicks would have to demonstrate that, acting with due diligence, he could not

have discovered that counsel had failed to file an appeal until September 21, 2016.

---

[5] This provision provides for a belated commencement of the limitation period until " the date on
which the facts supporting the claim or claims presented could have been discovered through the
exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Whether due diligence has been exercised is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citation omitted). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Minnicks suggests that he did not learn that counsel had filed an appeal until the beginning of August of 2017, when he called the Clerk's Office and was informed that counsel had not filed a direct appeal. (ECF No. 50–10 ¶ 17.) Minnicks's suggestion that he did not learn that counsel had failed to file an appeal until August of 2017 is refuted by the record. On or about June 13, 2016, Minnick filed a Motion Seeking Authorization to File a Successive § 2255 Motion with the Fourth Circuit. (ECF No. 39–1.) In that Motion, he acknowledged that he had not pursued a direct appeal. (*Id.* at 1.) Furthermore, attached to that Motion is a copy of this Court's docket reflecting that no appeal had been filed. (ECF No. 39–2, at 21–22.) Accordingly, Minnicks knew at least as early as June of 2016 that no appeal had been filed. Therefore, even with the benefit of a belated commencement of the limitation period, Claim Five, which was not filed until September 21, 2017, is barred by the one-year statute of limitations.

8

### 3.    Minnicks Fails To Demonstrate His Innocence

In some of his submissions, Minnicks suggests that he is innocent. (*See, e.g.*, ECF No. 50–10 ¶ 3.) The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews Minnicks's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Minnicks's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of

innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Here, Minnicks's assertion of actual innocence is not coupled with any new reliable evidence of his actual innocence. His bare assertion of innocence is insufficient to excuse the untimeliness of his claims. *See Lowe v. Zook*, No. 3:15CV631, 2016 WL 3912035, at *4 (E.D. Va. July 19, 2016 (citing *Hill*, 2010 WL 5476755, at *5).

### III. Conclusion

The Motion to Supplement (ECF No. 58) will be granted. Minnicks's claims will be dismissed. Minnicks's Motions for § 2255 Relief (ECF Nos. 39, 43, 49, 50) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept. 14, 2021
Richmond, Virginia